Good morning, ladies and gentlemen. Our first case of the day is People of the State of Illinois v. Robert Stoces. Okay. And we have, only have, an attorney for the appellee, and that is Ms. Shanahan. Good morning, and you may proceed. May it please the court. My name is Sharon Shanahan, and I represent the people of the state of Illinois. In this case, the defendant pled guilty to participation in methamphetamine manufacturing and was sentenced to 12 years in prison. The defendant raised two issues on appeal, compliance with Rule 604D, and a sentencing issue. I believe that the sentencing issue is rather straightforward and is set forth in our brief, so unless there are any questions on that issue, I'm going to confine my argument to the 604D compliance portion. Supreme Court Rule 604D requires that the defense counsel, one, consulted with the defendant, either by mail or in person, two, ascertain the defendant's contentions of error in the sentence or the entry of the plea of guilty, and three, has examined the trial court file and recorded the proceedings of the plea of guilty, and four, has made any amendments to the motion necessary for the adequate presentation of defects in those proceedings. Did Mr. Borilsky at any point say that he had examined the record? It is very clear that he did, yes. But did he say that? Did he say the words?  Between what he said in the record, which I'll talk about in just a moment, and in his motion for leave to amend the motion to withdraw a guilty plea, yes, it is clear. You pieced the two together. What he said was that he didn't have the transcript when he went to visit the defendant the first time, but he had since received the transcript and talked to the defendant that day to determine whether they wanted to make any further amendments. So what you're saying is that we can then assume from the fact that he was waiting for the transcript that he then examined it before he spoke with the defendant? I think that's the inescapable conclusion. Here's what he said, and these are one page, the first page of the transcript of the guilty plea hearing. It's page 181 in the record. Everything I'm going to talk about is on that page. He said, I was unable to go see him in prison a second time. So clearly he went to see him in prison a first time and consulted with him. He says, I talked to him this morning. So he's now talked to him twice. So he definitely has consulted with the defendant. He goes on to say, I talked to him this morning to see if there was any additional area beyond what I put in my amended motion that he wanted me to bring to this court's attention. So it's clear that he's ascertained the defendant's contentions of error, and that he's made amendments to the motion. He's already amended it once, by the way. And this is an addendum that he filed to his amended motion. Then he says, I was unable to go see him in prison a second time after these documents came in. And again, that's where I feel like we don't have the vision. But he refers in his motion to withdraw guilty plea the fact that he just got the transcripts. And clearly he had these documents in his hand. He already made the amendments. Why would he need to go back and talk to him again? He hadn't talked to the defendant about it yet. Pardon me? He hadn't talked to the defendant about it yet. He got the transcripts. He read them. He filed an amended post-conviction petition. But he had not been able to talk to the defendant since he got the transcripts. So he took the morning of the hearing, before it started, to talk to the defendant. And filed the amendment without ascertaining the contentions of the defendant? No, he added an addendum to that. He showed the defendant what he had, the amended motion. And then they talked about it. This was his first chance to talk to the defendant after having read the transcripts. And they talked about whether there was anything else that the defendant wanted to raise. And there was one thing the defendant wanted to raise. So he added an addendum. He got permission from the court and added an addendum to the amended motion to withdraw guilty plea, based on his conversation with the defendant. So what was, again, my question is, what's the purpose of having him talk to him a second time? It's the defendant's defense counsel's duty to make sure that what he's written down says everything that the defendant wants to say. I thought you said that he ascertained what he talked to him to make the amendment. No. I'm not making myself clear. The defense counsel got the transcript. He amended the motion based on the transcript. Without talking to his client? Yes. Because he couldn't. He couldn't find him. But before the hearing started, he did talk to his counsel, his client. And they talked about the amended motion. And they talked about the defendant's contentions of error. And the defense counsel felt like there was something that he needed to make an amendment to the motion necessary for the adequate presentation of defense. Now, I would point out that 604D certificates, I mean, there's a bunch of case law that says 604D certificates can be filed the day, the moment of the hearing. I mean, a lot of attorneys walk in for this precise reason, which is that sometimes their last conversation with their clients is in the morning, moments before they go into the courtroom. But doesn't the statute require or the rule require an actual certificate being filed? And it says shall. And doesn't Jaynes say that that is a requirement that can't just be satisfied basically with what you're saying is substantial compliance? Jaynes says that the certificate, the rule must be complied with. The rule requires, it does not say, it says that the motion to withdraw guilty plea shall be in writing. It goes on, and that certainly is a conditioned precedent to appeal. It says the defendant's attorney shall file with the trial court a certificate. Correct. Black's dictionary says certify means to attest as being true or as representation. Certification is a written assurance or official representation that some act has or has not been done. So you're saying an oral promise is what satisfies that certificate. Is an official representation of what has happened. And this is not a concept novel through our judicial system of written motions for new trial. I mean, the statute very clearly says that a written motion for a new trial is required. And it's a very important motion because anything that's not in that written motion is deemed waived. And yet this court in Herawood has said that an oral motion for a new trial can be sufficient. The Supreme Court in Peeble v. Pearson has said the same thing. Many other courts have said the same thing. Isn't it kind of a slippery slope, though, if we have to kind of parse and, you know, look for areas that support the compliance which could have easily been satisfied with the filing of an actual written certificate? Because you've just told me he said that he didn't have the actual transcript until the second time. And here it says that he has to examine both the court file and the report of the proceedings. So report of proceedings would satisfy the transcript part, but what about the rest of the court file? Well, I would ask the court to look at the motion itself. And I want to emphasize something. In Peeble v. Starks, the Fourth District said that if this court can infer from the record as a whole that 6040 is complied with, that remand is not necessary. What's the problem with remand just to take care of this? It's such a waste of judicial resources. These cases come up over and over and over again, and here's what happens. But if we made it strict compliance, they wouldn't come up over and over again because we wouldn't – people then presumably, the court and the defense attorneys would be complying with it, and then we wouldn't have to parse and try to piece these together to see if there's substantial compliance. Well, I want to distinguish what I'm asking this court for from what the Fourth District did in Starks. Starks said if it's anywhere in the record and you can piece it together, that's good enough. I am not asking for that. I am saying if the defense attorney had said what he said, turned to the court reporter and said, print that off, please, signed his name to it, wrote 604-P certification, I believe it would have been sufficient. I am not proposing that you scour the record. I am proposing that if the first statements that come out of the defense attorney's mouth fully comply with 604-D, just as a written motion for – I mean an oral motion for a new trial, if it's the first thing that happens and if it's crystal clear, I think remand is a waste of judicial resources. Thank you. I appreciate your position, and we'll take the matter under advisement.